# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, N-08328, | ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 18-cv-1004-DRH ) |
| DANIEL SULLIVAN, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Steve Dinwiddie is currently incarcerated at Big Muddy River Correctional Center ("BMRCC") as a sexually dangerous person ("SDP"). He has been in the custody of the Illinois Department of Corrections ("IDOC") since 1998, when his civil commitment trial was concluded in Jefferson County Circuit Court. He brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition, the Court concludes that this action is subject to

dismissal.

## **Background**

This action represents Dinwiddie's seventh[1] attempt to seek habeas relief from this Court pursuant to 28 U.S.C. § 2254. Each of his previous habeas petitions has been dismissed.

The procedural history of Dinwiddie's April 30, 1998, civil commitment as a sexually dangerous person (Doc. 1, p. 7), and his subsequent challenges in state court to his continued confinement, was discussed in detail in this Court's order dismissing his first petition for habeas relief. *See Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW. (Doc. 30, Memorandum and Order of April 21, 2008, adopting report of Magistrate Judge). His attempts to challenge the SDP commitment in this Court were thoroughly described in the order dismissing Dinwiddie's fifth petition for habeas relief, and shall not be repeated here in detail. *See Dinwiddie v. Roeckeman*, Case No. 14-cv-01360-DRH (Doc. 7, Memorandum and Order dismissing case).

To briefly summarize, Dinwiddie has raised challenges several times to his initial 1998 judgment ordering him to be held in custody as an SDP. In his first habeas action, this Court ruled that his claims were time-barred under 28 U.S.C.

---

[1] Dinwiddie previously brought the following federal habeas cases: *Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW (S.D. Ill., filed Dec. 19, 2005, and dismissed April 21, 2008); *Dinwiddie v. Evans*, Case No. 08-cv-458-DRH (S.D. Ill., filed June 20, 2008, and dismissed July 9, 2008); *Dinwiddie v. Evans*, Case No. 08-cv-689-NJR-DGW (S.D. Ill., filed Oct. 1, 2008, and dismissed June 30, 2009); *Dinwiddie v. Evans*, Case No. 09-cv-776-DRH (S.D. Ill., filed Sept. 24, 2009, and dismissed March 23, 2010); *Dinwiddie v. Roeckeman*, Case No. 14-cv-1360-DRH (S.D. Ill., filed Dec. 10, 2014, and dismissed Jan. 5, 2015); and *Dinwiddie v.Vaughan, et al.*, Case No. 16-cv-156-DRH (S.D. Ill., filed Feb. 11, 2016, and dismissed March 7, 2016). He also filed *Dinwiddie v. Evans*, Case No. 10-cv-675-DRH in September 2010, but voluntarily dismissed that action before the Court conducted an initial review.

§ 2244(d)(1). Dinwiddie's challenges to 2 of the 3 recovery proceedings brought in state court after 1998 were similarly time-barred by § 2244(d)(1). His attack on the third recovery proceeding was ruled to be procedurally barred. *See Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW (Doc. 30).

Three habeas Petitions filed by Dinwiddie in 2008 and 2009, as well as his 2014 Petition, were all dismissed because he had failed to obtain the required advance authorization to file a second or successive § 2254 petition from the United States Court of Appeals, Seventh Circuit. *See Dinwiddie v. Roeckeman*, Case No. 14-cv-01360-DRH (Doc. 7). Dinwiddie's sixth federal habeas case, filed in 2016, was dismissed because he had failed to exhaust his remedies in state court after filing a state habeas petition in 2015 in Jefferson County, Illinois, which was still pending when he sought federal relief. *Dinwiddie v. Vaughan, et al.*, Case No. 16-cv-156-DRH (Doc. 5 in that case).

## **The Petition**

In the present action, Dinwiddie once again seeks to challenge the original state court order committing him as a sexually dangerous person. (Doc. 1). Notably, his Petition states that it is brought pursuant to 735 ILCS 5/10-124, which is a section of the Illinois statute governing a state court habeas corpus action. (Doc. 1, p. 1). However, because this Court has jurisdiction over habeas corpus cases under federal statutes, not state statutes, the Petition is construed as having been brought pursuant to 28 U.S.C. § 2254.

The Petition begins by asserting that the Circuit Court in Jefferson County

lacked subject matter jurisdiction over Dinwiddie's civil commitment action. (Doc. 1, pp. 1-2). However, Dinwiddie does not develop an argument to explain why he believes subject matter jurisdiction was lacking in that proceeding. He then complains that the Illinois post-conviction hearing act is not available to a person confined as an SDP. (Doc. 1, p. 2).

Next, Dinwiddie goes on to argue that his trial counsel in the 1998 SDP proceeding was ineffective, because he failed to call a Mt. Vernon police officer (Greenwood), as well as other officers, as witnesses at the trial. (Doc. 1, pp. 3-4). The attorney also failed to impeach Plaintiff's ex-wife (a witness for the State) with an allegedly false or inconsistent statement she had given to the police. (Doc. 1, p. 5).

As relief, Dinwiddie requests this Court to reverse the April 30, 1998, state court order committing him as a sexually dangerous person. (Doc. 1, p. 6).

## **Discussion**

The claims Dinwiddie raises in this Petition include the exact same issues he raised in the 2014 habeas corpus case in this Court. *See Dinwiddie v. Roeckeman*, Case No. 14-cv-01360-DRH (Doc. 7). He also raised the issue of ineffective assistance of counsel in his 2005 habeas case. The Court found in 2005 that consideration of this claim in Dinwiddie's first federal habeas case was time-barred because the habeas action was filed too late. There is nothing in the instant Petition to indicate that this conclusion was in error.

The only new claim Dinwiddie raises is that the state court lacked subject

matter jurisdiction over the SDP case. That claim is unavailing, both because Dinwiddie fails to develop it with any argument, and because it is a matter that he could have raised in the state courts on appeal, as well as in his original 2005 habeas petition. There is no indication that Dinwiddie ever raised this argument in state court, thus he has not properly exhausted the claim before bringing in in federal court. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29, (2004); *O'Sullivan v. Boerkel,* 526 U.S. 838, 839 (1999). This Court fully discussed the exhaustion requirement in the order dismissing Dinwiddie's 2016 habeas Petition, as well as in the order dismissing his 2005 Petition. *Dinwiddie v. Vaughan, et al.*, Case No. 16-cv-156-DRH (Doc. 5); *Dinwiddie v. Evans*, Case No. 05-cv-886-GPM-DGW (Doc. 30).

Even if Dinwiddie had exhausted his claims in the Illinois state courts, this Court lacks jurisdiction to consider any claim he may raise in a § 2254 habeas action, because he has not been granted permission to bring a successive § 2254 Petition by the appellate court. This requirement has been explained to Dinwiddie on four previous occasions in the orders dismissing his habeas actions in 2014, 2009, and the 2 petitions he brought in 2008.

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant Petition again focuses on alleged errors that occurred in the 1998 proceeding that was the subject of

5

Dinwiddie's original § 2254 petition in 2005. It is therefore a "successive application" for habeas relief. There is no indication that Dinwiddie applied to the Seventh Circuit Court of Appeals for permission to bring the instant § 2254 application in this Court, let alone was granted leave to file it. Accordingly, this Court lacks authority to grant any relief in this action, and the Petition must be dismissed.

### Disposition

For the reasons stated above, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED,** without prejudice, because this Court lacks jurisdiction to entertain this successive Petition. The Clerk of Court is **DIRECTED TO CLOSE THIS CASE** and enter judgment accordingly.

If Dinwiddie wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Dinwiddie plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Dinwiddie does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal

Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

### **Certificate of Appealability**

Should Dinwiddie desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Dinwiddie need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that it is without jurisdiction to entertain this successive Petition for relief pursuant to 28 U.S.C. § 2254.  Furthermore, the Court finds no basis for a determination that its decision

is debatable or incorrect. Thus, Dinwiddie has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.23
07:15:03 -05'00'

**United States District Judge**